## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### NORTHERN DIVISION

**NORMA JEAN HILL**                                                                      **PLAINTIFF**
**Special Administrator of the**
**Estate of Jeffrey Hightower**

**v.**                                  **CASE NO. 3:26-CV-00062-BSM**

**INDEPENDENCE COUNTY, ARKANSAS,** *et al.*                          **DEFENDANTS**

### ORDER

Arisa Health, Inc.'s motion to dismiss [Doc. No. 17] is denied, and Anita Irby's

motion to dismiss [Doc. No. 25] is denied.

### I. BACKGROUND

Jeffrey Hightower was incarcerated at Independence County Jail awaiting transfer to

a psychiatric treatment facility when he died from an abdominal infection caused by the

contents leaking from a perforation, or tear, in his intestine. *See* Compl. ¶¶ 6, 19–23, 100–1,

Doc. No. 1. Hightower suffered from gastrointestinal disease, including inflammatory bowel

disease, which can cause severe complications and death if not treated. *Id*. ¶ 17. Almost two

months earlier, he had been deemed unfit for trial due to his bipolar disorder and psychosis,

and was being monitored in part by Arisa, a corporation the Jail hired to provide mental

health services to detainees. *Id*. ¶¶ 22–23. While awaiting transfer, Hightower regularly

complained of extreme pain, discomfort, and bloody stools, which allegedly fell on deaf ears,

including those of the Arisa employees assigned to monitor him. *Id*. ¶¶ 26–39, 44, 48.

Specifically, the complaint alleges that Anita Irby, a supervisory mental health professional

employed by Arisa, knew of and failed to escalate Hightower's symptoms and requests for medical attention. *Id.*

On the day he died, Hightower was wheezing and struggling to breathe, with a blood pressure reading of 216/167, when he collapsed and passed away shortly after being helped into a hallway chair in the Jail. *Id.* ¶¶ 83–102. Hightower's sister, Norma Hill, is suing Arisa for medical malpractice and negligent supervision, claiming Hightower's prolonged suffering and death could have been prevented if Arisa personnel had timely reported his condition to the Jail's medical staff and followed up to ensure he received treatment. Compl. ¶¶ 39, 44, 48, 306–10, 331, 338–40, 343. Hill is also suing Irby for medical malpractice. *Id.* ¶¶ 306–10. Arisa and Irby move to dismiss.

## II. LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain sufficient facts which, if accepted as true, state a claim for relief that is plausible on its face. *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the plaintiff pleads factual content that would allow a court to draw the reasonable inference that a defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Although detailed factual allegations are not required, threadbare recitals of a cause of action, supported by mere conclusory statements, are insufficient. *Id.* In ruling on a 12(b)(6) motion to dismiss, materials embraced by the pleadings, as well as exhibits attached to the pleadings and matters of public record, may all be considered. *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010).

III. DISCUSSION

Arisa's motion to dismiss Hill's medical malpractice and negligent supervision claims is denied, and Irby's motion to dismiss Hill's medical malpractice claim against her is denied.

A.    Arisa

*1. Medical Malpractice*

Arisa's motion to dismiss Hill's medical malpractice claim against it is denied.  To state a medical malpractice claim, Hill must allege the applicable standard of care, that Arisa failed to act in accordance with that standard of care, and the failure proximately caused Hightower's injuries.  *Hamilton v. Allen*, 267 S.W.3d 627, 631 (Ark. Ct. App. 2007).  Hill claims Arisa breached its duty when it did not immediately report Hightower's deteriorating condition and requests for a doctor to jail personnel or follow up on his symptoms, such as continuous rectal bleeding, pale pallor, and severe abdominal pain, leading to his extended suffering and  death.  Compl. ¶¶ 306 and 310.  In response, Arisa argues it did not have a duty to ensure Hightower got medical treatment because it was hired to provide mental health services, not medical care, and the subsequent failures of the other defendants to help Hightower constitute unforeseeable intervening causes.  *See* Def.'s Br. Supp. Mot. D. at 6–9, Doc. No. 18.  Arisa also claims Hill does not adequately state the standard of care owed to Hightower.  *Id.*

The motion is denied because Hill sufficiently pleads the elements of a medical malpractice claim; she is not required to argue the merits at this stage.  *See Northern States*

*Power Co. v. Fed. Transit Admin.*, 358 F.3d 1050, 1056 (8th Cir. 2004) (complaint's function is merely to give opposing party fair notice of nature and basis for claim); *Borage v. Westminster College*, No. 04-4307-CV-C-NKL, 2005 WL 8159073, at *4 (W.D. Mo. Apr. 6, 2005) (plaintiffs need not articulate every factual detail in complaint or argue merits at motion to dismiss stage).

### 2. Negligent Supervision

Arisa's motion to dismiss Hill's negligent supervision claim is denied. To state a claim of negligent supervision, Hill must allege that Arisa knew or should have known that its employees' conduct would subject third parties to an unreasonable risk of harm, that conduct was a proximate cause of Hightower's injury, and the harm was foreseeable. *Addington v. Wal-Mart Stores, Inc.*, 105 S.W.3d 369, 458 (Ark. Ct. App. 2003). Arisa need not foresee the particular injury that occurred; it must only reasonably foresee an appreciable risk of harm to others. *Id.* Hill claims Arisa knew or should have known that its employees did not timely escalate or communicate Hightower's symptoms, causing his suffering and death. Compl. ¶¶ 331, 338–43. While thin, this enough to survive dismissal. *See Hastings v. SmartMatch Ins. Agency, LLC*, No. 4:22-CV-00228-LPR, 2022 WL 4002625, at *2 (E.D. Ark. Sept. 1, 2022) ("the . . . notice-pleading standard is quite low").

### B.    Anita Irby

Irby's motion to dismiss Hill's medical malpractice claim against her is denied. Hill alleges that Irby, a behavioral health provider, breached her duty to recognize and escalate

Hightower's symptoms and requests for a doctor to jail personnel, causing his death.  Compl. ¶¶ 14, 39, 44, 48, 306–10.  In response, Irby's motion cites the Arkansas Rules of Civil Procedure, and argues that because Hill has not yet met particular requirements to succeed on an Arkansas medical malpractice claim, such as citing sources that establish a medical duty and standard of care or providing expert testimony, dismissal is warranted.  *See* Mot. D. ¶¶ 2, 4, Doc. No. 25; Def.'s Br. Supp. Mot. D., Doc. No. 26.  Irby also claims Hill cannot establish causation.  *Id.*  The motion is denied because Hill states a claim.

The problem with Irby's arguments is that the Arkansas Rules of Civil Procedure do not apply here, and the Arkansas-specific requirements cited are not dispositive at this stage; Hill's allegations merely need to be plausible.  *See Berk v. Choy*, 146 S. Ct. 546, 553–54 (2026) (holding that federal pleading requirements are clearly procedural and displace state-law heightened pleading requirements at the motion to dismiss stage; allowing "even claims that are likely to fail" to proceed); *Manzella v. Dawns,* No.4:22-CV-01338-MAL, 2026 WL 850536, at *7 (E.D. Mo. Mar. 27, 2026) ("[B]y requiring no more than a statement of the claim, Rule 8 establishes implicitly, but with unmistakable clarity, that evidence of the claim is ***not*** required.") (citing *Berk*, 146 S. Ct at 553)).  Moreover, expert testimony is not necessarily required, and Hill need not prove causation at the pleading stage; it is sufficiently pled in her complaint.  *See Daniels v. Lyle*, 713 S.W.3d 15,  22 (Ark. Ct. App. 2025) (expert testimony not necessary if elements are matter of common knowledge).  Irby may raise these arguments again at the summary judgment stage.  Finally, to the extent Irby argues Hill falsely identifies her as a "licensed mental health professional," the motion is denied because

an allegation that Hill misidentified Irby's credentials, without more, does not warrant dismissal; nor does Irby cite any authority showing this issue requires her motion be granted.

## IV. CONCLUSION

For these reasons, the motions to dismiss of Arisa and Irby are denied.

IT IS SO ORDERED this 29th day of April, 2026.

_____
UNITED STATES DISTRICT JUDGE